UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHEILA NAPORA,
                          Plaintiff,


                                                    **Hon. Hugh B. Scott**

                    v.
                                                    03CV80C

                                                    **Order**

VERIZON COMMUNICATIONS INC., f/k/a NYNEX,
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

                    Defendants.



        Before the Court are the parties' crossing motions to compel (Docket Nos. 38 (defendant

Verizon Communications' ("Verizon")), 40 (plaintiff's)).  In the Order in part granting relief

sought (Docket No. 51), the Court further ordered the parties to brief the applicable standard for

this action and the scope of discovery available in this action.  By unopposed motion for

extending the time to respond, these briefs were due on May 13, 2005 (Docket No. 54).  Plaintiff

(Docket No. 55) and defendants Verizon and Prudential Insurance (Docket No. 56) each

submitted timely briefs on these issues.

                                  **BACKGROUND**

        This action arose under the Employee Retirement Income Security Act, 29 U.S.C.

§§ 1001, 1132(a)(1)(B) ("ERISA").  Plaintiff's claims arise from the denial of her claim for

benefits under NYNEX's sickness and accident benefit plan, now maintained by corporate

successor Verizon.  She alleges an onset date of September 1995 (Docket No. 55, Pl. Memo. at

2), with her benefits terminated on or about October 1995 (Docket No. 1, Compl. ¶ IX).

According to the denial letter from the plan administrator (Docket No. 55, Ex. B, at 2), plaintiff initially was denied on April 24, 1996.  She appealed that decision and it was upheld on May 7, 2001 (id.).  She then requested an additional review of the decision, which was again upheld on June 12, 2002 (id.).

Plaintiff sued under ERISA, 29 U.S.C. § 1132(a)(1)(B), to recover benefits due to her under the terms of the plan, to enforce rights under the plan, or to clarify her rights to future benefits under the plan.

Defendants produced the administrative record of plaintiff's claim under the Verizon plan.  During argument of the motions to compel, Verizon argued that this Court's review is limited to the administrative record and the denial of plaintiff's claim is reviewed here under an arbitrary and capricious standard (Docket No. 56, Defs. Supp'al Br. at 2), hence plaintiff is only entitled to the already produced administrative record.

Plaintiff contends that this Court's review is a de novo standard (Docket No. 55, Pl. Memo. at 1).  She argues that Verizon cannot amend its plan to obtain a less stringent standard of review (id. at 2).

## DISCUSSION

I.      Standard for Judicial Review of Denial of Benefits under ERISA

Plaintiff argues that this Court has de novo review of a denial of benefits under ERISA, citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), holding that the denial of benefits under a plan "is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."  If the plan gives such discretion to the administrator or fiduciary,

2

then review would be under an abuse of discretion/arbitrary and capricious standard, unless there is an inherent conflict of interest.  Id. at 115.  (Docket No. 55, Pl. Memo. at 1-2.)  Plaintiff contends that the plan did not give the administrator or fiduciary authority to determine eligibility or to construe its terms.  She points to an inherent conflict of interest since Verizon denied the claim of benefits (Docket No. 55, Pl. Memo. at 2).  Plaintiff argues that the plan in effect was in 1991 (id. Ex. A, summary plan description), but her claim was reviewed and denied in June 2002 (id. Ex. B).  She also indicates that the Verizon plan was subsequently amended in 2001 to grant the administering committee full discretionary authority (id. at 2, Ex. C[1], Verizon 2001 Plan, at 4).

Verizon, however, contends that the applicable plan when plaintiff submitted her claim was the 2001 plan and that plan gave the administrator full discretion (Docket No. 56, Defs. Supp'al Brief at 3-4, Ex. A, 2001 Verizon summary plan description, at 23, 24, 1; see id. Ex. B).  But, even under the 1991 plan, determinations by the appeal committee were final under that plan (Docket No. 56, Defs. Supp'al Br. at 4; Docket No. 55, Pl. Memo. Ex. A, at 11; see also id. at 18 (1991 plan description, "in any event, the decision of the appeals committee is final")).  Verizon cites to a 1990 plan document which made the administrator's decisions regarding benefits final (Docket No. 56, Defs. Supp'al Br. at 4, Ex. C, 1990 NYNEX Plan, § 3.4).  That language from other plans have held to convey sufficient discretion upon the administrators.  (Id. at 4-5, citing Johnson v. Eaton Corp., 970 F.2d 1569, 1572 (6th Cir. 1992).)  Even if the summary plan description was silent as to discretion, the plan which grants discretionary authority triggers the

---

[1]The parties have some overlap in their exhibits.  The 2001 Verizon Sickness and Accident Disability Benefit Plan is Docket No. 55, Ex. C, as well as Docket No. 56, Ex. B.

arbitrary and capricious standard.  (Id. at 5, citing Atwood v. Newmont Gold Co., 45 F.3d 1317, 1321 (9th Cir. 1995).)  Even the alleged conflict of interest only determines whether there was an abuse of discretion rather than change the applicable standard of review.  Pagan v. NYNEX Pension Plan, 52 F.3d 438, 442 (2d Cir. 1995).  Defendants note that the fact that an internal employee benefits committee reviewed plaintiff's claim alone does not constitute a conflict of interest.  Id. (Docket No. 56, Defs. Supp'al Br. at 5-6.)

Thus, the first issue appears to be which version of the plan was applicable when plaintiff applied and was denied benefits.  Plaintiff points to the onset date in 1995, while Verizon relies upon the date when plaintiff submitted her application (although no one has alleged when that was, but plaintiff was initially denied in 1996, see Docket No. 55, Ex. B, at 2).  Neither party, however, points to authority or a plan provision that supports their respective positions on which version of the plan was applicable.  Plaintiff here sought review of the denial of her claim while Verizon was changing the plan.  The 2001 plan by its terms updated and replaced all previous plans (id. Ex. A, at 2), while the 1991 plan description notes that Verizon reserved the right to amend the program, subject to collective bargaining (Docket No. 55, Ex. A, at 18; see also Docket No. 56, Ex. C, at 35 (1990 NYNEX Plan Section 8); cf. Docket No. 56, Ex. A at 3 (2001 plan description)).  The denial of benefits cited to the 2001 version of the plan (Docket No. 55, Pl. Memo. Ex. B).

But the plan is essentially the same on the issue of the discretion vested in the plan administrator and, in particular, the finality of its decisions.  Verizon alternatively argues that even the 1991 plan vested discretion in the administrator.  (Docket No. 56, Defs. Supp'al Brief at 4.)  Plaintiff points to the summary plan description, but the underlying plan itself provides for

4

administrator finality that indicates discretionary authority.  Thus, under either version of the

plan, the administrator had the discretion that would make judicial review that of an arbitrary and

capricious standard.

II.     Scope of Discovery

        The parties' arguments on the standard of judicial review implicates the scope of

discovery available to plaintiff.  Plaintiff believes that, since this case is subject to this Court's de

novo review, she is entitled to broad discovery beyond the administrative record.  Defendants,

however, contend that all production has been made with the production of that administrative

record, since this Court's review is limited to an arbitrary and capricious standard based upon the

administrative record before the plan administrator and the plan's appellate process.  (Docket

No. 56, Defs. Supp'al Br. at 6-7.)  See Miller v. United Welfare Fund, 72 F.3d 1066, 1071-72 (2d

Cir. 1995).  The administrative record includes documents which the administrator reviewed or

relied upon in deciding a claim.  Id. at 1071.  The Court may consider evidence beyond this

record only in exceptional circumstances where the plaintiff demonstrates "good cause."  Locher

v. Unum Life Ins. Co., 389 F.3d 288, 294 (2d Cir. 2004); Snyder v. First Unum Life Ins. Co.,

No. 02CV889, 2004 U.S. Dist. LEXIS 16258, at *10 n.3 (W.D.N.Y. Aug. 6, 2004) (Skretny, J.).

Thus, discovery beyond the administrative record is only available upon a showing of good

cause.  (See Docket No. 56, Defs. Supp'al Br. at 8-9.)

        Plaintiff here has not shown good cause to go beyond the administrative record.  She only

argues that a conflict of interest existed because Verizon issued the decision denying her benefits

application.  The Second Circuit has held that "a conflicted administrator does not per se

constitute good cause" and "the finding of a conflicted administrator alone should not be

translated <u>necessarily</u> into a finding of good cause." <u>Locher</u>, <u>supra</u>, 389 F.3d at 296 (emphasis in original).

Therefore, plaintiff's discovery is limited to the administrative record before the plan administrator, absent proof of good cause to go beyond this record.

**CONCLUSION**

For the reasons stated above, the Court finds that defendants state the correct standard of judicial review in this case, that of an arbitrary and capricious standard.  As a result, the scope of discovery is limited to the administrative record, absent a showing of good cause to explore beyond that record.

So Ordered.

_____
s/HBS
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      June 6, 2005